IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| EDWARD SHERROD, | ) | CASE NO. 8:14CV78 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| SCOTT RICHTER, in his individual | ) | |
| and official capacity, and the | ) | |
| CITY OF OMAHA, NEBRASKA, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on the Plaintiff's Motion for New Trial (Filing No. 23). For the reasons discussed below, the Motion will be denied.

This action was removed to federal court and assigned to the undersigned judge on March 7, 2014.  See Filing Nos. 1 and 5.  On July 18, 2014, the Defendants moved for Summary Judgment on the merits and on the basis of qualified immunity.  See Filing No. 15. This Court granted the Defendants' motion on September 3, 2014, finding no genuine issue as to any material fact; concluding that Defendant Richter was entitled to qualified immunity from suit as a matter of law; and concluding that the Plaintiff's claim against the City of Omaha also failed as a matter of law.  See Filing No. 21.

On September 29, 2014, Plaintiff raised for the first time in his Motion for New Trial the fact that the undersigned judge was also assigned to a criminal proceeding involving the Plaintiff: United States v. Edward Sherrod, Case No. 8:02cr370, which included four petitions alleging a variety of violations of his supervised release.  *Id*. at Filing Nos. 107, 117, 124 and 126.  In 2012, following disposition of state criminal proceedings related some of the eleven allegations in Filing Nos. 124 and 126, Sherrod admitted Allegation No. 1 of Filing No. 117 (use of controlled substances in 2009 and 2010) and Allegation No. 2

of Filing No. 126 (commission of another federal, state, or local crime, *i.e.*, flight to avoid arrest and attempted felony assault on a police officer). See *id.* at Filing No. 140. Sherrod was sentenced to 18 months custody with no supervised release to follow. See *id*. at Filing No. 143. Some of the facts set forth in Allegation No. 2 of Filing No. 126 in Case No. 8:02cr370 relate to the facts of the instant civil action.

The undersigned judge was unaware of any correlation between Case No. 8:02cr370 and the instant case before the entry of Judgment in the instant case. Plaintiff's counsel also states he was unaware of any such correlation prior to entry of Judgment. See Affidavit Eric R. Chandler, Filing No. 23-1 at ¶ 3.

The Court concludes that Plaintiff's Motion for New Trial should be denied, because (1) the Plaintiff was not in fact prejudiced by the undersigned judge's handling of the Motion for Summary Judgment since she was unaware of any correlation between Case No. 8:02cr370 and the instant civil action; (2) summary judgment was entered for the Defendants as a matter of law based on an objective standard of qualified immunity and not based on any factual disputes or issues of credibility; (3) while the undersigned judge makes every effort to avoid any appearance of impropriety by recusing herself when any reasonable question is raised concerning her impartiality, an untimely motion to recuse submitted by an unsuccessful party following entry judgment should not be granted absent actual prejudice or conflict; (4) vacating the Judgment and the Court's Memorandum and Order on summary judgment and assigning this matter to a different district judge for further proceedings would unfairly prejudice the Defendants and would not be consistent with judicial economy, and (5) the Plaintiff has available the option of an appeal with a *de novo* standard of review.

Accordingly,

IT IS ORDERED:

The Plaintiff's Motion for New Trial (Filing No. 23) is denied.

DATED this 2nd day of October, 2014.

                                          BY THE COURT:

                                          s/Laurie Smith Camp
                                          Chief United States District Judge